■ In the Matter of THIRD I. C. M. REALTY Co., Appellant, v TOWN OF CAMILLUS et al., Respondents.—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: In this tax certiorari proceeding for tax years 1981, 1982 and 1983 involving a 346-unit apartment complex, the court calculated the net income produced by the property in each tax year and capitalized these figures to arrive at full value. In arriving at net income the court allowed as capital expenditure deductions from gross income the actual amounts annually spent on the replacement of certain capital goods having an expected lifespan less than that of the complex itself, except that it allowed the deduction of an estimated annual reserve for roof replacement. Upon finding that "replacement is an ongoing process" and that the petitioner's actual expenses for such capital goods more accurately reflected the appropriate deductions for such items than the artificially calculated reserves claimed by petitioner, the court properly disallowed such reserves in its determination of net income. How-

ever, the allowance of an estimated reserve for roof replacement was reasonable *(see, Werb v De Garmo, 98 AD2d 957, affd 62 NY2d 636).* On these facts, where the project is 13 years old and petitioner has incurred actual expenses for repairs and replacement, except for the roofs, the trial court's findings were supported by the record.

The trial court erred, however, in its calculation of the taxes which had to be added back into net income before applying the capitalization rates to determine full value *(see, Farash v Smith, 83 AD2d 785, revd on other grounds 59 NY2d 952).* Non ad valorem taxes for such items as sewer and water charges bear no relation to the assessment and were properly deducted by petitioner as operating expenses. The court, having adopted the operating expenses reported by petitioner's appraiser, which included real estate taxes, should have only added back to net income the amount of the real estate taxes so reported as follows: $162,093 for 1981, $180,627 for 1982 and $200,979 for 1983. Consequently, the full market value of the subject property as of May 1 on each tax year is calculated as $4,661,100 for 1981, $5,198,000 for 1982, and $5,542,900 for 1983 and the judgment is modified to reduce the assessments as follows:

Tax Year 1981: Land $69,726.00; Improvements $509,195.00; Total $578,921.00

Tax Year 1982: Land $72,589.00; Improvements $599,512.00; Total $672,101.00

Tax Year 1983: Land $70,231.00; Improvements $623,186.00; Total $693,417.00

(Appeal from judgment of Supreme Court, Onondaga County, Inglehart, J.—RPTL art 7.) Present—Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.