■ In the Matter of THIRD I. C. M. REALTY Co., Respondent, v TOWN OF CAMILLUS et al., Appellants.—Order insofar as appealed from unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: In determining the net income produced by the property in the specified tax years, the Judicial Hearing Officer erred by deducting the actual costs of certain long-term improvements in full in the year they were paid rather than amortizing those costs over the useful life of the improvements (see, Matter of Food Fair v Board of Assessment Review, 78 AD2d 335, 337; American Institute of Real Estate Appraisers, Appraisal of Real Estate, at 256 [4th ed 1964]; Kniskern, Real

Estate Appraisal and Valuation, at 252 [1933]). Contrary to petitioner's contentions, this court's earlier decision in *Matter of Third I. C. M. Realty Co. v Town of Camillus* (115 AD2d 967, *lv denied* 67 NY2d 605) does not compel a different result inasmuch as the issue there involved "artificially calculated reserves". The parties agree that the assessments of the subject property only for the years 1987-1988 and 1988-1989 need to be recalculated. Based upon the record before us, we are unable to make those recalculations. Accordingly, we remit the matter to Supreme Court for that determination. (Appeal from Order of Supreme Court, Onondaga County, Aronson, J.H.O.—Tax Certiorari.) Present—Dillon, P. J., Denman, Lawton, Lowery and Davis, JJ.