FOURTH DEPARTMENT, OCTOBER, 1998

(October 2, 1998)

■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Respondent, v ASSESSOR OF TOWN OF GEDDES, Respondent, and TOWN OF GEDDES, Appellant. [678 NYS2d 422] —Upon remittitur from the Court of Appeals, order and judgment unanimously affirmed with costs. Memorandum: Contrary to our prior determination on the appeal in this tax certiorari proceeding (*see, Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 239 AD2d 911), the Court of Appeals has held that, with respect to four of its properties, petitioner raised a genuine factual issue whether the properties should be character-

ized as specialties. The Court concluded that petitioner "provided substantial evidence, based on sound theory and objective data, that a credible dispute exists as to the proper characterization of its properties and consequently, the validity of its valuation methodology" (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192). The Court of Appeals further determined that, with respect to the remaining properties that are specialties, petitioner established "by sound theory and objective data" that a genuine factual dispute exists as to valuation (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, supra*, at 199). The Court of Appeals directed us to review the record to determine whether petitioner established by a preponderance of the evidence that the four properties in dispute were not specialties and that those properties and the remaining properties were overvalued and the amount of the overvaluation. Because we held as a matter of law that petitioner failed to meet its initial burden of overcoming the presumption that the challenged assessments were valid, we did not previously address those issues.

Having considered the issues raised but not determined on the appeal, we conclude that Supreme Court properly granted the petitions and reduced the assessments on petitioner's property for the 1990 through 1993 tax years. Petitioner established by a preponderance of the evidence that the four properties at issue do not have the defining characteristics of specialty properties (*see, Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 357, *rearg denied* 81 NY2d 784). Those four properties, "while rendering the property suitable to the owner's use, are not truly unique to [its] business but, in fact, make the property adaptable for general industrial use" (*Matter of Great Atl. & Pac. Tea Co. v Kiernan*, 42 NY2d 236, 240). Thus, reproduction cost (new) less depreciation (RCNLD) is not the only appropriate method for valuing those structures (*cf., Matter of Allied Corp. v Town of Camillus, supra*, at 360). Rather, petitioner's appraiser arrived at "a fair and realistic value of the property involved" by employing a hybrid method of valuation utilizing RCNLD, income capitalization and comparable sales (*Matter of Great Atl. & Pac. Tea Co. v Kiernan, supra*, at 242; *see, G.R.F., Inc. v Board of Assessors*, 41 NY2d 512, 514-515).

Petitioner further established by a preponderance of the evidence that its gas and electric transmission and distribution property was overvalued by respondents for the tax years at issue. Petitioner employed the services of a qualified real estate

appraiser specializing in the appraisal of utility property. His report, utilizing RCNLD, presents a "detailed, competent appraisal" of the transmission and distribution property "based on standard, accepted appraisal techniques" (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, supra,* at 196). Respondents, on the other hand, presented an appraisal report that was properly stricken by the court because it failed to comply with 22 NYCRR 202.59 (g) (2). Under the circumstances, the court properly reduced petitioner's assessments in accordance with petitioner's appraisal. (Appeal from Order and Judgment of Supreme Court, Onondaga County, Murphy, J.—RPTL.) Present—Green, J. P., Lawton, Callahan and Boehm, JJ.