■ In the Matter of JOSEPH BOVE, Appellant, v TOWN OF SCHODACK et al., Respondents. (And Two Other Related Proceedings.) [985 NYS2d 160]—

Lahtinen, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 11, 2012 in Rensselaer County, which dismissed petitioner's applications, in three proceedings pursuant to RPTL article 7, to reduce the 2009, 2010 and 2011 tax assessments on certain real property owned by petitioner.

Petitioner owns Evergreen Country Club, which includes two 18-hole golf courses and associated amenities located on two contiguous parcels totaling about 295 acres in the Town of Schodack, Rensselaer County. During the years in dispute, 2009 through 2011, the properties were assessed as having a total value of $5,240,000, comprised of $5,100,000 for the so-called "prime" parcel and $140,000 for the "vacant" parcel. Petitioner's application to respondent Board of Assessment Review of the Town of Schodack seeking to reduce the assessments was denied. He then commenced these RPTL article 7 proceedings. At the nonjury trial, petitioner's appraiser testified—consistent with the analysis set forth in his appraisal report—that the properties had a total value of $2,300,000, which he divided on a per acre basis so that the prime parcel was valued at $1,742,710 and the vacant parcel at $557,290.* Supreme Court rendered a written decision finding unconvincing various aspects of the testimony of petitioner's appraiser and the appraisal report. The court further determined that important data, upon which aspects of the appraisal report were premised, had not been included in the report as required by 22 NYCRR 202.59 (g) (2). Concluding that the appraisal report was "suspect and lacking [in] probative value," the court struck it and dismissed the petitions, finding that petitioner had failed to meet his burden of establishing that the properties were overvalued. Petitioner appeals.

We are unpersuaded that Supreme Court erred in striking, after the trial, petitioner's appraisal report for failing to include significant supporting data and information (*see* 22 NYCRR 202.59 [g] [2]; *see generally Matter of Roth v City of Syracuse,*

* Since a court cannot increase an assessment in the context of a proceeding of this nature, if petitioner's proof had been accepted, his assessment would have been reduced to $1,742,710 for the prime parcel and remained at $140,000 for the vacant parcel, a total of $1,882,710.

21 NY3d 411, 415-416 [2013]; *Matter of United Parcel Serv. v Assessor of Town of Colonie*, 42 AD3d 835, 836-837 [2007]; *Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 254 AD2d 681, 683 [1998]). Petitioner's appraisal report employed the income capitalization approach (*see generally Matter of Hempstead Country Club v Board of Assessors*, 112 AD3d 123, 136 [2013]), which purported to establish value by capitalizing the anticipated net operating income from a single year by a market oriented capitalization rate. The appraisal report used as a key component income and expenses from two other golf courses, and this information formed the basis for the operating expense ratio. However, the identity of the other two courses used in compiling this information was not provided, but was listed as "confidential" since petitioner's appraiser had ostensibly obtained the information when working for such courses. We agree with Supreme Court that this information was critical and, since undisclosed, ran afoul of 22 NYCRR 202.59 (g) (2) (*see Matter of W.O.R.C. Realty Corp. v Board of Assessors*, 100 AD3d 75, 98 [2012], *lv denied* 20 NY3d 862 [2013]). If, as petitioner contends, his appraiser was precluded by ethical considerations from disclosing this information, then he should have either obtained permission to use the information from his former clients or used other sources that could be properly included in the appraisal report (*see generally Matter of Troy Realty Assoc. v Board of Assessors of City of Troy*, 227 AD2d 813, 815 [1996]). There is no showing that the confidential information pertained to properties that were so unique and vital that value of the subject golf course could not otherwise have been determined without resorting to such information.

We further note that, even if the presumption regarding the assessor's value is rebutted, petitioner still had the burden of establishing overvaluation by a preponderance of the evidence (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998]; *Matter of Norton Co. v Assessor of City of Watervliet*, 3 AD3d 760, 761 [2004]), and we generally accord deference to Supreme Court's credibility determinations in analyzing the appraisal reports, as well as its decision, so long as they are "not based upon an error of law or against the weight of the evidence" (*Matter of Gibson v Gleason*, 20 AD3d 623, 627 [2005], *lv denied* 5 NY3d 713 [2005]; *see Matter of Gordon v Town of Esopus*, 12 AD3d 904, 906 [2004]; *Matter of Erie Blvd. Hydropower, L.P. v Town of Ephratah Bd. of Assessors*, 9 AD3d 540, 541-542 [2004]). Here, Supreme Court set forth several deficiencies in the appraiser's report and the appraiser's testimony that caused it to reject petitioner's contention regarding value. Although the court, when discussing a

lack of documentation for deducting certain expenses, incorrectly referenced two other golf courses operated by petitioner when, in fact, the pertinent calculation involved one other golf course, the fact remains that the court did not credit such deduction because of the lack of supporting documentation. Review of the record fails to persuade us that Supreme Court erred in determining that petitioner did not present sufficient proof to support his petitions. The remaining arguments have been considered and are unpersuasive.

Peters, P.J., Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.