Matter of Brookdale Senior Living Solutions & Meriweg Latham LLC v Town of Colonie Bd. of Assessment Review (2020 NY Slip Op 05006)





Matter of Brookdale Senior Living Solutions & Meriweg Latham LLC v Town of Colonie Bd. of Assessment Review


2020 NY Slip Op 05006


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

528806

[*1]In the Matter of Brookdale Senior Living Solutions & Meriweg Latham LLC, Appellant,
v
Town of Colonie Board of Assessment Review et al., Respondents. (And Another Related Proceeding.)

Calendar Date: August 20, 2020

Before: Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Jacobson Law Firm, PC, Pittsford (Robert L. Jacobson of counsel), for appellant.
The Vincelette Law Firm, Albany (Stephen M. Almy of counsel), for Town of Colonie Board of Assessment Review and others, respondents.
Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of counsel), for North Colonie Central School District, respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Walsh, J.), entered January 17, 2019 in Albany County, which partially granted petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce the 2015 and 2016 tax assessments on certain real property owned by petitioner.

Petitioner owns the subject property, an approximately 46,000-square-foot assisted living facility consisting of 94 units, located on just over seven acres of land in the Town of Colonie, Albany County. For the tax years 2015 and 2016, the market value of the property was determined to be $7,007,528 and $7,033,481, respectively, resulting in a tax assessment of $4,747,600 for each of the tax years.[FN1] Petitioner commenced these proceedings challenging the tax assessments. In June 2018, a nonjury trial was held, at which time petitioner offered the testimony and appraisal report of Christopher Harland.[FN2] Harland utilized the income capitalization approach to determine that the subject property's market value was $4,200,000 and $4,900,000 for tax years 2015 and 2016, respectively. Supreme Court generally credited Harland's appraisal and adopted his figures, but it disallowed certain deductions made by him, including a $33,840 deduction for replacement reserves and a deduction of a 5% management fee. Accordingly, Supreme Court calculated the market value of the subject property to be $6,402,085 for tax year 2015 and $6,723,200 for tax year 2016 and reduced the corresponding tax roll assessments to $4,337,413 and $4,538,160, respectively. Petitioner appeals.
Petitioner initially contends that Supreme Court erred in disregarding the summary of expenses attached to Harland's appraisal report in ascertaining the operating expenses for the property, inasmuch as the summary of expenses — submitted in lieu of financial statements from the three comparable properties also owned by petitioner — satisfied the requirements of 22 NYCRR 202.59 (g) (2).[FN3] "Although a municipal tax assessment enjoys a presumption of validity, that presumption may be overcome by producing substantial evidence that the property has been overvalued — a burden often satisfied by the submission of a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (Matter of Rite Aid Corp. v Otis, 102 AD3d 124, 125-126 [2012] [internal quotation marks, brackets and citations omitted], lv denied 21 NY3d 855 [2013]). "Under settled law with respect to income-producing property, actual income is the best indicator of value" (Matter of Village Sq. of Penna, Inc. v Board of Assessment Review of the Town of Colonie, 123 AD3d 1402, 1404 [2014] [internal quotation marks and citations omitted], lv denied 25 NY3d 903 [2015]; see Matter of George A. Donaldson & Sons, Inc. v Assessor of the Town of Santa Clara, 135 AD3d 1138, 1141 [2016], lv denied 27 NY3d 906 [2016]). An appraiser is also required to analyze comparable operating expense data to ensure that the actual expenses are reasonable (see Matter of Center Albany Assoc. LP v Board of Assessment Review of the City of Troy, 151 AD3d 1420, 1423-1424 [2017]; Matter of Regency Realty Assoc., LLC v Board of Assessment Review of the Town of Malta, 75 AD3d 950, 951 [2010]).
As relevant here, 22 NYCRR 202.59 (g) (2), which prescribes the basic requirements for appraisal reports in RPTL article 7 proceedings, states that "appraisal reports shall contain a statement of the method of appraisal relied on and the conclusions as to value reached by the expert, together with the facts, figures and calculations by which the conclusions were reached," and further provides that, "[i]f sales, leases or other transactions involving comparable properties are to be relied on, they shall be set forth with sufficient particularity as to permit the transaction to be readily identified, and the report shall contain a clear and concise statement of every fact that a party will seek to prove in relation to those comparable properties" (see Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 175-176 [2014]; Matter of Gran Dev., LLC v Town of Davenport Bd. of Assessors, 124 AD3d 1042, 1044 [2015]). "[A] primary objective of this requirement is to afford opposing counsel the opportunity to effectively prepare for cross-examination" (Matter of Gran Dev., LLC v Town of Davenport Bd. of Assessors, 124 AD3d at 1045 [internal quotation marks and citations omitted]; see Matter of Erie Blvd. Hydropower L.P. v Town of Moreau Assessor, 176 AD3d 1536, 1538 [2019]). Accordingly, the failure to include a statement of the operating expenses for comparable properties does not automatically render an appraisal deficient (see Matter of Regency Realty Assoc., LLC v Board of Assessment Review of the Town of Malta, 75 AD3d at 951).
However, even where an appraisal report complies with 22 NYCRR 202.59 (g) (2) and is sufficient to rebut the presumption that a real property tax assessment was valid, the appropriateness of the comparable properties used by an appraiser must still be considered by Supreme Court in determining the weight to be accorded to the appraisal (see Matter of Home Depot U.S.A. Inc. v Assessor of the Town of Queensbury, 129 AD3d 1427, 1428 [2015], lv denied 26 NY3d 915 [2016]). In other words, once the presumption is rebutted, a petitioner still has the burden of establishing that the property was overvalued (see Matter of Foxcroft Vil., LLC v Town Assessor of the Town of Fallsburg, 176 AD3d 1527, 1529 [2019]; Matter of Bove v Town of Schodack, 116 AD3d 1111, 1112 [2014], lv denied 23 NY3d 906 [2014]). We therefore reject petitioner's implication that the appraisal report's compliance with 22 NYCRR 202.59 (g) (2) required Supreme Court to adopt Harland's operating expense figures.
To that end, "an appraiser cannot simply list financial figures of comparable properties in his or her appraisal report that are derived from alleged personal knowledge; he or she must subsequently prove those figures to be facts at trial" (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d at 177 [internal quotation marks, brackets and citation omitted]). Accordingly, comparable income and expense figures must be supported by the evidence in the record (see id.; Matter of Center Albany Assoc. LP v Board of Assessment Review of the City of Troy, 151 AD3d at 1424). The trial court is then required to "weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether [the] petitioner has established by a preponderance of the evidence that its property has been overvalued" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 188 [1998]; see Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d at 175). In doing so, "the trial court enjoys broad discretion in that it can reject expert testimony and arrive at a determination of value that is either within the range of expert testimony or supported by other evidence and adequately explained by the court" (Matter of Rite Aid Corp. v Darling, 162 AD3d 1599, 1601 [2018] [internal quotation marks and citation omitted]). Upon review, this Court will affirm that decision "unless it is based upon an erroneous theory of law or an erroneous ruling in the admission or exclusion of evidence, or unless it appears that the [trial] court has failed to give to conflicting evidence the relative weight which it should have and thus has arrived at a value which is excessive or inadequate" (Matter of Gran Dev., LLC v Town of Davenport Bd. of Assessors, 124 AD3d at 1046 [internal quotation marks, brackets, ellipsis and citations omitted]).
Petitioner maintains that Supreme Court erred in rejecting Harland's estimated replacement reserves, asserting that Harland relied on a national, reliable investor survey routinely used by appraisers to estimate reserves. Petitioner further contends that Supreme Court erred in rejecting Harland's deduction of a 5% property management fee inasmuch as Harland reasonably relied upon a statement by a representative of petitioner that a 5% management fee was applied to all of petitioner's properties. A review of the record confirms that Supreme Court did not err in determining that petitioner failed to present sufficient proof to support these comparable expenses (see Matter of Center Albany Assoc. LP v Board of Assessment Review of the City of Troy, 151 AD3d at 1423-1424; Matter of Bove v Town of Schodack, 116 AD3d at 1113).
The appraisal report and Harland's testimony established that the subject property did not historically set aside replacement reserves. However, Harland deducted $33,840 for reserves based on petitioner having recently replaced the property's roof and some flooring and windows, utilizing realtyrates.com healthcare and housing ranges to determine the amount of the reserves. However, Harland did not testify to how frequently repairs were undertaken by the assisted living facility, if further repairs were required or when additional repairs would be undertaken. Further, as to the national investor survey, Harland did not testify to the identity of the properties that comprised the survey, where those properties were located, if they were similar in size and age or if the properties were assisted living facilities. Although it is settled law that an "expert may be permitted to rely upon otherwise inadmissible hearsay evidence if the evidence is deemed reliable as a basis for such expert opinion in the given field . . ., such evidence may not be the principal basis for an opinion" (Anderson v Dainack, 39 AD3d 1065, 1067 [2007] [internal quotation marks, brackets and citations omitted]). Accordingly, Supreme Court properly disallowed such artificial reserves (see Matter of Center Albany Assoc. LP v Board of Assessment Review of the City of Troy, 151 AD3d at 1423-1424; Matter of Bove v Town of Schodack, 116 AD3d at 1113; Matter of Third I.C.M. Realty Co. v Town of Camillus, 115 AD2d 967, 967 [1985], lv denied 67 NY2d 605 [1986]).
Similarly, both the appraisal report and Harland's testimony reveal that a property management fee was, historically, not an expense of the subject property. Harland deducted the management fee based upon a statement of a representative of petitioner that a 5% management fee was applied to "all" of petitioner's properties. However, when cross-examined, Harland admitted that the 5% management fee was only "typically" charged to "some" of petitioner's properties. He also could not identify any specific properties that charged the fee and was uncertain if the properties that did charge the fee were assisted living facilities. As Harland merely listed these financial figures, allegedly derived from experience and personal knowledge, Supreme Court providently exercised its broad discretion by disregarding the deductions related to replacement reserves and a management fee (see Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d at 177; Matter of Rite Aid Corp. v Darling, 162 AD3d at 1601; Matter of Bove v Town of Schodack, 116 AD3d at 1112-1113). The remaining arguments have been considered and are unpersuasive.
Garry, P.J., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The equalization rate was 67.75% for tax year 2015 and 67.50% for tax year 2016.

Footnote 2: Respondents did not offer their own expert.

Footnote 3: Petitioner concedes on appeal that the two confidential properties that Harland also used as comparable properties may be disregarded (see Matter of Bove v Town of Schodack, 116 AD3d 1111, 1112 [2014], lv denied 23 NY3d 906 [2014]).