Matter of Johnstown Comrie Assoc., LLC v Assessor for the City of Johnstown (2025 NY Slip Op 00134)

Matter of Johnstown Comrie Assoc., LLC v Assessor for the City of Johnstown

2025 NY Slip Op 00134

Decided on January 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 9, 2025

CV-23-1932
[*1]In the Matter of Johnstown Comrie Associates, LLC, Respondent,
v
Assessor for the City of Johnstown et al., Appellants. (And Another Related Proceeding.)

Calendar Date:November 20, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

The Vincelette Law Firm, Latham (Daniel G. Vincelette of counsel), for appellants.
Goldberg Segalla, Buffalo (Marc W. Brown of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Martin D. Auffredou, J.), entered September 28, 2023 in Fulton County, which granted petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce the 2020 and 2021 tax assessments on certain real property owned by petitioner.
Petitioner owns two shopping centers, the Johnstown Mall (hereinafter the mall) and the Johnstown Shopping Center (hereinafter the plaza), located in the City of Johnstown, Fulton County. Respondent Assessor for the City of Johnstown assessed the plaza at $7,350,000 in the 2020 tax assessment and, in the 2021 tax assessment, assessed the plaza at $7,350,000 and the mall at $7,680,000. Petitioner commenced these proceedings challenging the tax assessments for the subject properties, asserting, among other things, that the assessments overvalued the properties.[FN1]
A nonjury trial ensued, during which petitioner presented the testimony and appraisal report of its expert, who valued the property under both a sales comparison and income capitalization approach for each year at issue and valued the mall at $5,7000,000 and the plaza at $6,000,000 for both years 2020 and 2021. In contrast, respondents' expert appraiser also assessed the properties under both methodologies but testified that income capitalization was the preferred approach. Under that method, he testified that the value of the mall in 2020 was $7,430,000, and that the plaza was valued at $7,670,000 and $7,470,000 for the years 2020 and 2021, respectively. At the conclusion of trial, Supreme Court rejected both experts' income capitalization valuations, credited both experts' sales comparison valuations, and proceeded to blend the latter valuations, finding the proper assessment for the mall to be $6,971,566 for the year 2021 and the plaza to be $6,569,490 for the year 2020 and $6,491,391 for the year 2021. Respondents appeal.
Initially, respondents do not dispute that petitioner met its threshold burden to rebut the presumptive validity of the assessor's valuation of the properties (see Matter of Center Albany Assoc. LP v Board of Assessment Review of the City of Troy, 151 AD3d 1420, 1421 [3d Dept 2017]; Matter of Gibson v Gleason, 20 AD3d 623, 625-626 [3d Dept 2005], lv denied 5 NY3d 713 [2005]). "Accordingly, we are tasked with weighing the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner[ ] established by a preponderance of the evidence that the properties have been overvalued" (Matter of Empire Realty Invs. I LLC v Board of Assessment Review of the Town of E. Greenbush, 209 AD3d 1239, 1240 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Matter of Channin v Minoia, 221 AD3d 1119, 1120 [3d Dept 2023]). "The valuation of a property presents a question of fact and, accordingly, the court's decision will be upheld unless it is, among other things, based upon an erroneous theory of law or it appears that the court [*2]has failed to give to conflicting evidence the relative weight which it should have and thus has arrived at a value which is excessive or inadequate" (Matter of 20 Mall at Guilderland, LLC v Board of Assessment Review of the Town of Guilderland, 211 AD3d 1396, 1397 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Gran Dev., LLC v Town of Davenport Bd. of Assessors, 124 AD3d 1042, 1046 [3d Dept 2015]).
While we agree with respondents that the income capitalization approach is often the preferred valuation method involving income producing properties, we note that "Supreme Court enjoys broad discretion in that it can reject expert testimony and arrive at a determination of value that is either within the range of expert testimony or supported by other evidence and adequately explained by the court" (Matter of 20 Mall at Guilderland, LLC v Board of Assessment Review of the Town of Guilderland, 211 AD3d at 1397) [internal quotation marks and citations omitted]; see Matter of Barberry Cove, LLC v Town of Henrietta Bd. of Assessment Review, 224 AD3d 1296, 1298 [4th Dept 2024], lv denied 42 NY3d 901 [2024]). Here, Supreme Court found that both appraisers' opinions as to the income capitalization valuations were flawed and must be rejected. Having reviewed the record, we find that Supreme Court's decision to eschew the income capitalization valuations of both parties is not an abuse of discretion and, as such, see no reason to upset the court's determination in this regard (see Matter of 20 Mall at Guilderland, LLC v Board of Assessment Review of the Town of Guilderland, 211 AD3d at 1399; Matter of Center Albany Assoc. LP v Board of Assessment Review of the City of Troy, 151 AD3d at 1424).
Respondents next contend that petitioner's expert's comparable sales approach valuation analysis is fatally flawed because the comparable sales used were leased fee estates while the interest being evaluated in the reports were fee simple estates. We disagree. Petitioner's expert acknowledged this difference and explained that the comparable sales were reflective of market levels and synonymous with fee simple estates and that, in his opinion, no adjustments were needed to account for this. Additionally, respondents' criticism that petitioner's expert did not account for the effects of the COVID-19 pandemic is unpersuasive as petitioner's expert specifically identified the pandemic as having a potential impact on the market but determined that property owners were not panic selling and, therefore, he did not make an adjustment.
Nor are we persuaded by respondents' assertion that Supreme Court abused its discretion by blending both experts' comparable sales approach valuations to calculate its own valuation. Petitioner's expert identified six sales of shopping centers which he deemed to be similar to both the mall and the plaza. He prepared an adjustment grid analyzing the conditions of sale, market conditions at the time of sale, location [*3]and the physical characteristics of the property, among other things. Petitioner's expert then made adjustments for differences based on the comparison between the subject properties and each comparable sale and calculated a per-square-foot range for the tax assessment years in dispute. For the mall appraisal, petitioner's expert gave primary consideration to sales four and six, and for the plaza he gave primary consideration to sales one, three and six.
The comparable sales approach utilized by respondents' expert identified three sales of shopping centers. He also prepared an adjustment grid analyzing the sales based on the conditions and terms influencing each sale, location of each property and physical characteristics of each property. Respondents' expert then made adjustments for differences and calculated a unit value per square footage. Supreme Court found that both experts "provided abundant supporting information for their comparable sales and the nature of and reasons for the adjustments made," and we give due deference to Supreme Court's resolution of credibility issues (see Matter of Foxcroft Vil., LLC v Town Assessor of the Town of Fallsburg, 176 AD3d 1527, 1529 [3d Dept 2019]; Matter of Center Albany Assoc. LP v Board of Assessment Review of the City of Troy, 151 AD3d at 1424). "[A]s Supreme Court had the discretion to arrive at a determination that falls within the range of expert testimony utilizing both experts' valuations[,] . . . we find no reason to disturb its calculation on this record" (Matter of Empire Realty Invs. I LLC v Board of Assessment Review of E. Greenbush, 209 AD3d at 1244 [internal quotation marks and citations omitted]; see Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson, 106 AD3d 1232, 1240 [3d Dept 2013]). Accordingly, we find that Supreme Court's determination as to the valuation of the subject properties is supported by the weight of the evidence and we therefore affirm (see Matter of Happy Rehab, LLC v Assessor for the Town of Glenville, 214 AD3d 1234, 1239 [3d Dept 2023]; Matter of Empire Realty Invs. I LLC v Board of Assessment Review of E. Greenbush, 209 AD3d at 1245). Respondents' remaining contentions have been examined and are unavailing.
Clark, J.P., Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The plaza's assessed value for 2020 is based on a fair market value of $7,819,149 at an equalization rate of 94% and in 2021 the assessed value is based on a fair market value of $7,989,130 at an equalization rate of 92%. The mall's 2021 assessed value is based on a fair market value of $8,347,826 at an equalization rate of 92%.